IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANETIRONY CLERVRAIN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 22-cv-571-DWD |
| | ) |
| ROB JEFFREYS, | ) |
| SHELITH HANSBRO, | ) |
| MICHAEL R. LANE, | ) |
| CAMILE LINDSAY, | ) |
| JAMES PAGANO, | ) |
| LINDSEY HESS, | ) |
| MANDY PAGE, | ) |
| JOHN EILERS, | ) |
| MARCUS HARDY, | ) |
| JUSTIN HAMMERS, | ) |
| KIM SMITH, | ) |
| JENNIFER PARRACK, | ) |
| JASON GARNETT, | ) |
| DION DIXON, | ) |
| THOMAS HILLIARD, | ) |
| ERIC HARRIS, | ) |
| TANGENISE PORTER, | ) |
| JARED BRUNK, | ) |
| JAMES DEEN, | ) |
| ROBERT FANNING, | ) |
| KELLY PRESLEY, | ) |
| LATOYA HUGHES, | ) |
| JASON HALL, | ) |
| STEVEN BOWMAN, and | ) |
| RUSSELL AUSTIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On March 21, 2022, Plaintiff Manetirony Clervrain ("Plaintiff" or "Clervrain"), proceeding, *pro se*, filed his Complaint (Doc. 2) along with thirteen additional motions:

1

Motion for Leave to Proceed *in forma pauperis* (Doc. 3), Motion for Settlement (Doc. 4); Motion for Serving Agencies to Reopen (Doc. 5); Motion for Service for Process at Government Expense (Doc. 6); Motion for the Right Venue (Doc. 7); Motion for Opposition against Freedom of Speech (Doc. 8); Motion for Opinions Act or Page Limitation (Doc. 9); Motion for Mitigating Financial Burden (Doc. 10); Motion for Manifest Injustice (Doc. 11); Motion for Humanitarian Reasons (Doc. 12); Motion for Extraordinary Remedy Act (Doc. 13); Motion for Extended Page Limitation (Doc. 14); and Motion for Alien Status (Doc. 15).

As an initial matter, the Court takes judicial notice of Clervrain's numerous filings in the United States District Courts across the country. *See Clervrain v. Marshall*, No. 3:21-CV-316-GCM, 2021 WL 3009021 (W.D.N.C. July 15, 2021), at * 1 (Clervrain is a former federal prisoner and "prolific *pro se* litigator who has filed more than 100 federal cases throughout the country, most of which have been dismissed as frivolous or for a failure to state a claim upon which relief can be granted.").[1] As one court recently observed, Clervrain has "filed over 216 actions in federal courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine. Plaintiff's tour has taken him to every federal circuit court, the United States Judicial Panel on Multidistrict Litigation, and even the Supreme Court of the United States." *Clervrain v. Edwards, et al.*, No. CV 21-345-SDD-EWD, 2022 WL 636048 (M.D. La. Feb. 11, 2022), *report and recommendation adopted sub nom. Clervrain v. Edwards*, No. CV 21-345-SDD-EWD, 2022 WL 628537 (M.D. La. Mar. 3, 2022).

---

[1] *See Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

Another court has described Clervrain's cases as "jabberwocky." *Clervrain v. Marin*, No. 20-CV-925 JLS (RBB), 2020 WL 5408581, at *2 (S.D. Cal. Sept. 9, 2020) (citing *Clervrain v. Wilson*, No. 2:20-CV-02061, 2020 WL 1977392, at *2 (W.D. Ark. Apr. 24, 2020)). And others refer to Clervrain as an "abusive litigator." *See Clervrain v. Edlow*, No. 20-CV-182-TLS-JPK, 2021 WL 7630533, at * 1 (N.D. Ind. Nov. 22, 2021) (collecting cases). Clervrain's efforts have led to sanctions for frivolous filings, *see Clervrain v. McMaster*, No. 6:21-CV-00021-SAL, 2021 WL 2582216, at *2 (D.S.C. June 23, 2021), and the United States District Court for the Southern District of Indiana has imposed a filing ban citing Plaintiff's "vexatious and excessive litigation." *Clervrain, et al., v. Dimon, et al.*, No. 21-CV-02918-TWP-DLP, 2021 WL 6551107, at *1 (S.D. Ind. Dec. 27, 2021).

In this matter, Plaintiff names numerous party plaintiffs in his Complaint[2], although none of the additional plaintiffs have signed the Complaint. Federal Rule of Civil Procedure 11 provides that "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Plaintiff is not an attorney, therefore, if these party plaintiffs seek to join in this action, they must each sign all documents for themselves. As only Clervrain has signed the Complaint (Doc. 2), the Court will review the Complaint as to his claims only. The Complaint (Doc. 2) is otherwise **STRICKEN** as to the other named plaintiffs, and any claims asserted by those

---

[2]These parties include the following: Manetirony Clervrain, Fridelyn Maisoneuve, Roselaine Clerval a/k/a Brandako, Inc., Kelly Lupit Shaida, Kelly Tasca Elisabeth Kelly, Rood Landa Consulme Mina Jeanty, Lydie Thamar Kysnie Jean Jacques, Danielle Minanda Jean Jacques, Kys-Marck Eliezer Jean Jacques, Jean Mitchel Clervrain, Laplante Kirstie Benedicte, Magloire Lenise, Md Abdus Shakib Khan, Md Mahedi Hasan, Md Ahosan Habib, Abu Shaehed, Shifat Zaman, Melimene Luisjuste, Dalencia Lulien, Jean Felej Julien Lidsa Clervrain, Jean Melineda, Edith Jean Jacques, Hermite Cesar, and Lauderdly Ruth Angie Jean Jacques (Doc. 2).

plaintiffs are **DISMISSED, without prejudice**. Should those plaintiffs seek to join in this litigation they must do so in compliance with the Federal Rules of Civil Procedure. Similarly, if the other litigants seek to proceed in this Court without paying the Court's filing fee, they must each submit a separate motion to proceed *in forma pauperis*. *See Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004).

Turning to the Motion for Leave to Proceed *in forma pauperis* (Doc. 3), the Court observes that Clervrain filed this Motion on behalf of another individual, Fridelyn Maisonueve. The Motion includes a general power of attorney appointing Clervrain as Maisonueve's "attorney-in-fact" for the purposes of litigating Maisonueve's rights in the United States of America (Doc. 3, p. 4). Without commenting on the sufficiency of the power of attorney, a power of attorney does not grant individuals legal rights to practice law before this Court. *See Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010); *see also* 28 U.S.C. § 1654 (requiring that parties "plead and conduct their own cases personally or by counsel"); SDIL-LR 83.1(e) ("all parties, except . . . those appearing *pro se*, must be represented by a member of the bar of this Court."). Moreover, as mentioned above, Maisonueve has not signed the Complaint (Doc. 2) in this matter. As the Complaint has been stricken as to her alleged claims, her Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is also **DENIED, without prejudice**.

The Court must also warn Clervrain that he is not admitted to practice before this Court and the Court will not encourage or sanction the unauthorized practice of law. In addition to Clervrain's filing of Maisonueve's Motion for Leave and his purported representation of Maisonueve under her general power of attorney, Clervrain also

4

completed the "For Attorneys" portion on page 13 of Plaintiff's Complaint (Doc. 2, *see* Section VI. B). He specifically identified himself as an attorney with an accompanying law firm name, Brandako, Inc. In lieu of a bar number, Clervrain wrote "not Applicable for those with evidence of competency." (*Id.* at p. 13). Brandako, Inc. appears to be a registered corporation of the State of Indiana, and Clervrain is listed as the registered agent for the corporation.[3] Clervrain is not admitted to practice law before this Court and may not represent other individuals. Clervrain is **WARNED** that he should not hold himself out before this Court as an attorney. The unauthorized practice of law is a serious offense which this Court will not tolerate.

Although the Motion for Leave to Proceed *in forma pauperis* (Doc. 3) was filed on behalf of another individual, it is clear from Clervrain's other motions that he too is seeking leave to proceed in this matter without prepaying the required fees (*See* Motion for Mitigating Financial Burden at Doc. 10, pp. 1, 18-22) (affirming under penalty of perjury that Clervrain cannot prepay his docket fees or post bond and identifying that he has no income apart from his spouse's monthly gross income of $2,500.00). Accordingly, the Court will now screen Clervrain's Complaint in accordance with 28 U.S.C. § 1915(a)(1). This section allows a federal court to permit an indigent party to commence a

---

[3] *See* https://bsd.sos.in.gov/PublicBusinessSearch/BusinessInformationFromIndex (last visited Mar. 25, 2022). The Court can take judicial notice of the online records of corporations maintained by the Indiana Secretary of State that are available at https://bsd.sos.in.gov. *See Morisch v. United States*, 709 F.Supp.672, 676 (S.D. Ill. 2010) (citing *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003); *see also Siddle v. ConnectGov, Inc.*, No. CIV. 09-376-GPM, 2009 WL 4506316, at *1 (S.D. Ill. Nov. 30, 2009) (taking judicial notice of printouts from the Tennessee Secretary of State's website); *United States v. Am. at Home Healthcare & Nursing Servs., Ltd.*, No. 14-CV-1098, 2018 WL 319319, at *2 (N.D. Ill. Jan. 8, 2018) (taking judicial notice of corporate records available from the Illinois Secretary of State's website).

civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Upon a showing of indigency, the Court must screen the indigent plaintiff's complaint under Section 1915(e)(2), and the Court will dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is seeking a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

It is nearly impossible to discern any substantive facts from Clervrain's Complaint or Motions. Accordingly, the Court is unable to sufficiently determine Clervrain's indigency under 28 U.S.C. § 1915(a)(1). However, even assuming Clervrain could show his indigency, Clervrain's Complaint will be dismissed because it fails to state a claim and is frivolous. There are myriad reasons why the Complaint is frivolous and fails to state a claim, many of which are the same deficiencies that have led to the dismissal of his actions in other courts under 28 U.S.C. § 1915. [4] This Court will only address a few. Most prominently, Clervrain's Complaint is almost completely devoid of any factual

---

[4]*See e.g., Clervrain v. Edwards, et al.*, No. CV 21-345-SDD-EWD, 2022 WL 636048 (M.D. La. Feb. 11, 2022), *report and recommendation adopted sub nom. Clervrain v. Edwards*, No. CV 21-345-SDD-EWD, 2022 WL 628537 (M.D. La. Mar. 3, 2022) (providing a detailed analysis and overview of Plaintiff's litigation history and numerous pleading deficiencies); *Clervrain v. Way*, No. 220CV00540LCBSGC, 2020 WL 3790691 (N.D. Ala. July 7, 2020); *Clervrain v. Albence*, No. 3:20cv3105 (C.D. Ill. Apr. 29, 2020); *Clervrain v. Pompeo*, No. 4:20-CV-555-SRC, 2020 WL 1975083 (E.D. Mo. Apr. 24, 2020) (quoting *Clervrain v. Coraway*, No. 3:18-CV-819-G-BN, 2018 WL 6313216 (N.D. Tex. Nov. 9, 2018), *report and recommendation adopted,* No. 3:18-CV-0819-G (BN), 2018 WL 6304411 (N.D. Tex. Dec. 3, 2018)).

allegations. Although the Complaint and accompanying motions total over 450 pages, the documents are difficult to decipher. Like his other actions, Clervrain's Complaint here is largely incomprehensible and contains many legal labels and conclusions, but few factual assertions. *See e.g., Clervrain v. Sawyer*, No. 1:20-CV-348, 2020 WL 3424893, at *2 (W.D. Mich. June 23, 2020) (citing *Clervrain v. Nejen*, No. 20-CV-0134-JED-JFJ, 2020 WL 2104934 (N.D. Okla. May 1, 2020) ("While the complaint itself is typed and legible, the words often do not form coherent sentences, nor do they convey clear thoughts.").

Substantively, Clervrain names numerous defendants[5] in his Complaint but has not alleged any facts against any of them or the alleged conduct they committed. Instead, Clervrain references numerous topics (*e.g.*, genocide, mass incarceration, mass deportation, international extradition, discrimination by banking officials, and conspiracies among federal agencies) and persons (including multiple federal judges and elected officials of the United States of America and other countries) (*See, e.g.*, Docs. 2-15). He cites to real or imagined statutes, regulations, and case law. He also refers to himself as "the Activist," "The ANT," and "Deportable Alien." In sum, the Complaint is incoherent and incomprehensible, such that Clervrain has failed to provide any connection to the forum state and makes no attempt to explain how any of the named defendants are conceivably responsible for whatever constitutional or federal statutory injury he is alleging.

---

[5]Including, Rob Jeffreys, the Director of the Illinois Department of Corrections and Michael Lane, the President of Emporia State University in Kansas (Doc. 2, pp. 2-3).

Like his other cases, here, the Court is unable to decipher Clervrain's ramblings, and therefore his Complaint necessarily lacks an arguable basis either in law or fact. Moreover, the Complaint presents a variety of confused and incoherent claims in violation of the short and plain statement requirement of Federal Rule of Civil Procedure 8. Even giving the most liberal construction to Clervrain's Complaint, the Court is unable to find that a cause of action has been alleged, much less that such cause lies against the named defendants. While *pro se* litigants are normally afforded an opportunity to amend their complaint before dismissal, leave to amend is not required if the plaintiff has already pleaded his best case or if any amendment would be futile. Here, as evidenced by the hundreds of similar claims that have already been dismissed by courts throughout the country, any amendment would be futile.

Accordingly, the Court **DISMISSES** this civil action in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further **DENIES AS MOOT** Plaintiff's Motions (Docs. 3-15), and **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Clerk of the Court **SHALL ENTER** a final judgment of dismissal and **SHALL CLOSE** this case.

**SO ORDERED.**

Dated: March 28, 2022

_____
DAVID W. DUGAN
United States District Judge